**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al.,<br><br>         Plaintiff,<br><br>v.<br><br>Dana Scioli,<br><br>         Defendant. | No. CV-22-00230-PHX-DWL<br><br>**ORDER** |

Defendant Dana Scioli ("Defendant") has attempted to remove her state criminal case to this Court. (Doc. 1.) The Court will remand back to Scottsdale City Court.

"A federal court must examine a defendant's notice to determine whether removal is appropriate, and the court has the authority to remand a case, *sua sponte*, for lack of subject matter jurisdiction." *Gedo v. Idaho*, 2009 WL 2848850, at *1 (D. Idaho Aug. 28, 2009) (citing 28 U.S.C. § 1446(c)(4)). "[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." (emphasis in original) (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

The Notice, which was filed by Defendant, alleges that removal is appropriate because "plaintiff's cause of action is a federal question arising under the laws of the United States." (Doc. 1 at 2.) But that is wrong. The underlying complaint is an "Arizona Traffic Ticket and Complaint" and has been marked as a criminal matter. (Doc. 1 at 4.)

1 Generally, "a federal court should abstain from interfering with ongoing state criminal proceedings[.]" *Gedo*, 2009 WL 2848850, *1 (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)). A state prosecution may be removed to federal court only under the narrow circumstances set forth in 28 U.S.C. §§ 1442, 1442a, and 1443. And under 28 U.S.C. § 1455(b)(4), the Court must "promptly" examine the defendant's removal papers and "[i]f it clearly appears . . . that removal should not be permitted, the court shall make an order for summary remand."

Here, Defendant has not alleged that she is a federal officer or a member of the United States armed forces, so 28 U.S.C. §§ 1442 and 1442a do not apply.

28 U.S.C. § 1443(1) authorizes removal where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." "This generally requires a state law or constitutional provision that denies the defendant an opportunity to raise a federal right." *Hollander v. S.F. County Super. Ct.*, 2009 WL 975428, *1 (N.D. Cal. 2009) (citation omitted). Here, Defendant has not attempted to identify any state law or constitutional provision that denies her the opportunity to raise a federal right in state court, nor has she shown that she will be unable to enforce a federal right in state court. *See also Johnson v. Washington*, 2007 WL 2377141, *1 (W.D. Wash. 2007) (section 1443(1) "is strictly construed because it is considered an encroachment on state court jurisdiction").

Finally, 28 U.S.C. § 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The Supreme Court has construed this provision as conferring "'a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *Gedo*, 2009 WL 2848850, *1 (citation omitted). This case does not fall within that category. Accordingly,

…

…

**IT IS ORDERED** that all pending applications and motions are denied as moot, and the Clerk shall remand this case to Scottsdale City Court.

Dated this 23rd day of March, 2022.

Dominic W. Lanza
United States District Judge